# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| JACQUELINE L. MOREY | CASE NO. 1100005EE |
| | |
| CADLEROCK, L.L.C. | |
| | |
| VS. | ADVERSARY NO. 110074EE |
| | |
| JACQUELINE L. MOREY | |

| | |
|---|---|
| Hon. John D. Moore<br>P. O. Box 3344<br>Ridgeland, MS 39158-3344 | Attorney for Debtor |
| | |
| Hon. Thomas M. Bryson<br>P. O. Box 12445<br>Jackson, MS 39236-2302 | Attorneys for CadleRock, L.L.C. |
| | |
| Hon. Paul Owens<br>21 Eighth Street, N.E.<br>Atlanta, GA 30309 | |

Edward Ellington, Judge

### MEMORANDUM OPINION ON THE *MOTION TO DISMISS PURSUANT TO RULES 7009(b) AND 7012(b)(6)*

**THIS MATTER** came before the Court on the *Motion to Dismiss Pursuant to Rules 7009(b) and 7012(b)(6)* (#13) filed by the Debtor and the *Plaintiff's Response to Defendant's Motion to Dismiss* (#21) filed by CadleRock, L.L.C.  After considering the pleadings and the briefs, the Court

finds that the motion is well taken and should be granted.

**FACTS**

On January 3, 2011, Jacqueline L. Morey (Debtor) filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On June 21, 2011, CadleRock, L.L.C. (CadleRock) commenced the above-styled adversary proceeding with the filing of its *Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* (Complaint). Attached to the Complaint as Exhibit E was a six-page document entitled, *Plaintiff's Financial Affidavit,* in which the Debtor's social security number was not redacted. CadleRock then filed a *Motion to Seal Exhibit E to Complaint and Substitute Redacted Exhibit*. Attached to this motion was a copy of the redacted version of Exhibit E. In the *Order* granting the motion to seal Exhibit E, the Court granted the relief requested and ordered "that Exhibit E to the Complaint [Dkt. #1, pages 15-20] shall be placed under seal and not made a part of this Court's public record. It is further ORDERED that the redacted Exhibit E to the complaint attached to Plaintiff's motion shall be substituted for the original E on the Court's public docket."[1] The order does not mention any complaint other than the original Complaint.

On June 22, 2011, CadleRock's *Amended Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* (Amended Complaint) was filed. However, only the first page of Exhibit E was attached to the Amended Complaint.

The Court will note that when ruling on a motion for a judgment on the pleadings, the Court is "required to assume that the allegations of fact presented by the opposing party are true and must

---

[1] *Order* (Dkt. #9), p. 1, June 22, 2011. Once a pleading or document is filed with the Court, the Clerk's office cannot change the pleading or document. Therefore, notwithstanding the order, the Clerk's office was unable to substitute the redacted Exhibit E for the original Exhibit E. Instead, the Clerk's office restricted the Complaint and all attached exhibits, including Exhibit E, from the public view.

2

draw all inferences in the light most favorable to the nonmoving party."[2]

The facts pled in the Amended Complaint which are pertinent to CadleRock's objections to the Debtor's discharge are as follows:

> 6. On March 17, 2004, the Superior Court of New Jersey, Law Division: Morris County entered a judgment for $407,054.19 in favor of Coldwell Banker Prestige Properties against Debtor and against J. Morey and Associates, Inc., jointly and severally. . . .
>
> 7. On June 10, 2005, this judgment was domesticated in the Superior Court of Butts County, Georgia (the "Georgia Court"). . . .
>
> 8. Plaintiff is assignee of this judgment. . . .
>
> 9. As of the Petition Date [January 3, 2011], the amount of Plaintiff's claim is $542,100.07.
>
> 10. Prior to 2006, Defendant was married to Larry Keith Morey.
>
> 11. Prior to at least January 2006, Defendant was a shareholder in J. Morey & Associates, Inc., a Georgia real estate development company.
>
> 12. At her 11 U.S.C. § 341 meeting of creditors on February 9, 2011, Defendant testified that she had previously been a shareholder in J. Morey & Associates, Inc.
>
> 13. Defendant has been an officer of, and may have been a shareholder in, J & L Farms, Inc., a Georgia corporation.
>
> 14. On or about January 9, 2006, Defendant filed a Complaint for Divorce (the "Divorce Complaint") against Larry Keith Morey. . . .
>
> 15. On or about April 4, 2006, Defendant filed a financial affidavit (the "Financial Affidavit") in court in her divorce case. . . .
>
> 16. The Financial Affidavit contained a listing of Defendant's assets and liabilities.
>
> 17. The Financial Affidavit did not disclose any real estate titled in Defendant's own name. Instead, the real estate assets listed on the Financial Affidavit were shown as

---

[2] *Material Products Int'l v. Ortiz (In re Ortiz),* 441 B.R. 73, 76 (Bankr. W.D.Tex. 2010) (citation omitted).

being "in the name of" Larry K. Morey, J. Morey & Associates, Inc., or J & L Farms, Inc.

18. The Financial Affidavit listed real estate assets in the name of J. Morey & Associates, Inc. totaling $1,395,075.00 in value and liabilities of $335,039.00.

19. The Financial Affidavit listed real estate assets in the name of J & L Farms, Inc. totaling $575,645.00 in value and liabilities of $84,642.78.

20. The Financial Affidavit also disclosed that Defendant owned unspecified jewelry valued at $15,000.00.

21. On or about April 6, 2006, the Superior Court of Butts County, Georgia entered a Final Judgment and Decree (the "Divorce Decree") in Defendant's divorce case. . . .

22. The Divorce Decree did not award Defendant's interest in J. Morey & Associates, Inc. to Larry Morey and did not contain any reference at all to J. Morey & Associates, Inc., or to J & L Farms, Inc.

23. The Divorce Decree awarded Defendant title to "[t]he jewelry in her possession. . . ."

24. The Divorce Decree provided, at Section II.I, that Larry Morey was to pay $500,000.00 to Defendant within 60 days of the entry of the Divorce Decree. The Divorce Decree specifically provided that this was an award of marital property and not of alimony.

25. The Divorce Decree additionally provided that Larry Morey would be responsible for the judgment in favor of Plaintiff against Defendant.

26. On or about January 3, 2011, Defendant . . . filed in this Court . . . her Voluntary Petition under Chapter 7, . . . her Statement of Financial Affairs and Schedules A through J . . . .

27. In response to Question 18(a) of her Statement of Financial Affairs . . . Debtor listed both J. Morey & Associates, Inc. and J & L Farms, Inc. as businesses with which she had been involved within the proceeding six years.

28. However, Debtor's Schedule B . . . did not list any equity interest or ownership of the Debtor in J. Morey & Associates, Inc. or J & L Farms, Inc. as assets of the estate.

4

> 29. Debtor's Schedule B did not list any claims against Larry Morey as assets of the estate.
>
> 30. In response to Question 7 of Debtor's Schedule B, requiring disclosure of furs and jewelry, Defendant listed "1 gold necklace and various Premier Jewelry pieces" valued at $300.00 as assets of the estate. Defendant did not list jewelry valued at $15,000.00, which had been listed in the Financial Affidavit.

*Amended Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* (Dkt. #4), p. 2-5, June 22, 2011.

CadleRock then alleges that "[a]fter a reasonable opportunity for investigation and discovery, [CadleRock] expects that the evidence will show that [the Debtor] knowingly and fraudulently, in or in connection with her bankruptcy case, made a false oath or account,"[3] and therefore, the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).[4] Further, CadleRock alleges that "[a]fter a reasonable opportunity for investigation or discovery, [CadleRock] expects that the evidence will show that [the Debtor] has failed to explain satisfactorily. . .a loss of assets or deficiency of assets to meet the debtor's liabilities"[5] and should be denied a discharge under § 727(a)(5).

On July 5, 2011, the Debtor filed her *Motion to Dismiss Pursuant to Rules 7009(b) and 7012(b)(6)* (Motion). In her Motion, the Debtor alleges that CadleRock's claim that she made a false oath or account is in effect the same as stating that she had committed a fraud. Pursuant to Federal Rule of Bankruptcy Procedure 7009(b), the Debtor contends that fraud must be pled with the

---

[3]*Id.* at 5.

[4]Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[5]*Id.* at 6.

5

particular facts or circumstances which constitute such fraud and that CadleRock has not done so. Therefore, the Debtor requests that the Court dismiss CadleRock's § 727(a)(4)(A) claim. As for CadleRock's § 727(a)(5) claim, the Debtor states that CadleRock has not pled any of the elements which would give rise to a denial of her discharge.

In its *Plaintiff's Response to Defendant's Motion to Dismiss* (Response), CadleRock asserts that it has pled sufficient facts in order to withstand the Debtor's Motion.

## DISCUSSION

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(J).

### II.

#### A.

Rule 8(a) of the Federal Rules of Civil Procedure[6] requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, subsection (d)(1) supplements subsection (a) by requiring that "each allegation must be simple, concise, and direct."[7] "Rule 8 tests the sufficiency of the pleading rather than the sufficiency of the cause of action or claims asserted therein." *Scheidelman v. Henderson (In re Henderson),* 423

---

[6] Federal Rule of Civil Procedure 8 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008. For purposes of this opinion, the Court will refer to the rule as Rule 8.

[7] Fed. R. Civ. P. 8(d)(1).

B.R. 598, 612 (Bankr. N.D. N.Y. 2010). While the movant is not required to give detailed statements of fact, the movant must plead something more than mere conclusory statements or "unadorned, the-[debtor]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).[8] "A pleading that offers nothing more than 'threadbare recitals of the elements of a cause of action,' without supporting factual allegations, will not suffice. [*Iqbal*] at 1950 (*citing Twombly,* 550 U.S. at 555, 127 S.Ct. 1955)." *Henderson,* 423 B.R. at 612.

If a complaint does not meet the standards of Rule 8, Rule 12(b)(6) of the Federal Rules of Civil Procedure[9] provides the avenue for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[10] In addressing a Rule 12(b)(6) motion to dismiss in *McCoy v. Mississippi State Tax Comm. (In re McCoy),* 2009 W.L. 2835258 (Bankr. S.D. Miss. 2009), this Court held:

> The pleading standards that apply to a Rule 12(b)(6) motion to dismiss arise out of the requirement in [Fed. R. Civ. P.] 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that to survive such a motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In *Twombly* the Supreme Court revisited the often-quoted language in its decision in *Conley v. Gibson,* 355 U.S. 41 (1957), that a complaint should not be dismissed at the pleading stage "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim," *Id.* at 45-56, and concluded that courts had interpreted the "no set of facts"

---

[8] Some courts refer to the *Ashcroft v. Iqbal* opinion as *Ashcroft*, while other courts refer to it as *Iqbal*. For purposes of this opinion, the Court will use *Iqbal*.

[9] Federal Rule of Civil Procedure 12(b) is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). For purposes of this opinion, the Court will refer to the rule as Rule 12(b)(6).

[10] Fed. R. Civ. Pro. 12(b)(6).

language too literally. *Twombly,* 550 U.S. at 561-62.

More recently, in *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), the Supreme Court described application of the "plausibility" standard in *Twombly* as a two-part analysis. First, a court should begin by identifying those allegations in the complaint that, unlike non-conclusory, factual allegations, are not entitled to the assumption of truth. *Iqbal,* 129 S.Ct. at 1949-50. A pleading that includes "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Second, a court should determine whether the non-conclusory factual allegations in the complaint plausibly suggest a claim for relief. *Iqbal,* 129 S.Ct. At 1950. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly,* 550 U.S. at 555. Although Rule 8 does not require "detailed factual allegations," a complaint must provide the plaintiff's grounds for entitlement to relief–including factual allegations that when assumed to be true, nudge the claim across the line from conceivable to plausible.[11]

In affirming this Court's decision in *McCoy,* the Court of Appeals for the Fifth Circuit stated, "[o]ur task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Lone Star Fund,* 594 F.3d at 387 (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)). In other words, we look to see whether [the plaintiff's] pleadings, including her legal arguments, plausibly state a claim that her tax debt should be discharged pursuant to § 523(a)." *In the Matter of McCoy,* No. 11-60146, slip op., p. 4 (5th Cir. Jan. 4, 2012).

"The 'plausibility' test is met only where 'the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Darby v. Southern Care, Inc.,* 2010 WL 4168671, at *1 (N.D. Miss. Oct. 19, 2010)(emphasis added)." *Thorne v. Prommis Solutions Holding Corp., (In re Thorne),* 2011 WL 2496217, *2 (Bankr. N.D. Miss. June 22, 2011).

---

[11]*McCoy v. Mississippi State Tax Comm. (In re McCoy),* 2009 W.L. 2835258, *4-5 (Bankr. S.D. Miss. 2009), *aff'd, McCoy v. Mississippi State Tax Comm.,* No. 3:09-cv-575, slip op. (S.D. Miss. Feb. 8, 2011), *aff'd, In the Matter of McCoy,* No. 11-60146, slip op. (5th Cir. Jan. 4, 2012).

Therefore, this Court will look to see whether CadleRock's factual allegations in its Amended Complaint plausibly state a claim that the Debtor should be denied a discharge pursuant to § 727(a)(4)(A) or § 727(a)(5).

### B.  § 727(a)(4)(A)

Section 727(a)(4)(A) provides in pertinent part:

> **§ 727. Discharge**
>
> (a) The court shall grant the debtor a discharge, unless–
>
> . . . .
>
> (4) the debtor knowingly and fraudulently, in or in connection with the case–
>
> (A) made a false oath or account; . . . .

11 U.S.C. § 727(a)(4)(A).

A creditor "'bears the burden of establishing the elements that would prevent discharge.' *Cadle Co. v. Pratt (In re Pratt),* 411 F. 3d 561, 565 (5th Cir. 2005). 'The exceptions [to discharge] are construed strictly against the creditor and liberally in favor of the debtor.' *Duncan,* 562 F. 3d at 695." *Laughlin v. Nouveau Body and Tan, L.L.C. (In re Laughlin),* 602 F. 3d 417, 421 (5th Cir. 2010).

In order for a creditor to prevail under § 727(a)(4)(A), "[t]he objecting party has the burden of proving that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case. *In re Beaubouef,* 966 F. 2d 174, 178 (5th Cir. 1992)." *Sholdra v. Chilmark Financial LLP (In re Sholdra),* 249 F. 3d 380, 382 (5th Cir. 2001).

"The objecting party must show by a preponderance of the evidence that the debtor made a

9

false oath or account with either the intent to defraud or with reckless indifference to the truth. *In re Sholdra,* 249 F. 3d 380, 382 (5th Cir. 2001); *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)." *Comerica Bank v. Rajabali (In re Rajabali),* 365 B.R. 702, 714 (Bankr. S.D. Tex. 2007). Such a determination of fraudulent intent or reckless indifference to the truth can be proven by circumstantial evidence. *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F. 2d 174, 178 (5th Cir. 1992).

"Such false oaths sufficient to justify the denial of discharge include '(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings.' *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F. 2d 174, 178 (5th Cir. 1992) (*quoting* 4 Collier on Bankruptcy ¶ 727.04[1], at 727-59 (15th ed. 1992))." *In re Rajabali,* 365 B.R. at 714.

In her Motion, the Debtor states that since CadleRock is alleging fraud, Rule 7009[12] provides that complaints which allege special matters like fraud or mistake must meet a higher standard of pleading than those set forth in Rule 8. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In the recent case of *In re NE 40 Partners,*[13] the bankruptcy court addressed what pleading standards apply to fraud allegations in light of the United States Supreme Court's rulings in *Iqbal* and *Twombly.* The *NE 40 Partners'* court acknowledged that the Supreme Court's rulings in *Iqbal* and *Twombly* now require courts to apply a heightened pleading standard under Rule 8 in order for

---

[12] Federal Rule of Civil Procedure 9(b) is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7009. For purposes of this opinion, the Court will refer to the rule as Rule 9(b).

[13] *Airport Boulevard Apartments, LTD. v. NE 40 Partners, Limited Partnership (In re NE 40 Partners, LP),* 440 B.R. 124 (Bankr. S.D. Tex. 2010)

a plaintiff to overcome a Rule 12(b)(6) motion. "Since these two cases, 'pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.' *Fowler v. UPMC Shadyside,* 578 F. 3d 203, 209 (*sic 210*) (3rd Cir. 2009)."[14]

While acknowledging that *Iqbal* and *Twombly* appear to apply only to the interplay between Rule 8 and Rule 12(b)(6) and not to Rule 9(b), the court in *NE 40 Partners* found that in light of *Iqbal* and *Twombly*, "it stands to reason that one could also infer a shift in pleading standards generally."[15] Therefore, the court reasoned that the heightened pleading standards that the Supreme Court applied to Rule 8 would apply equally to Rule 9(b).

The *NE 40 Partners* court stated:

> Even prior to the increased pleading requirements of *Twombly* and *Iqbal,* Fifth Circuit precedent has strictly interpreted Rule 9(b). Indeed, the Fifth Circuit requires plaintiffs to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.,* 112 F. 3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.,* 267 F. 3d 400, 412 (5th Cir. 2001). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. v. J.M. Huber Corp.,* 343 F. 3d 719, 724 (5th Cir. 2003).
>
> . . . .
>
> [I]n the Fifth Circuit, "allegations of fraudulent predicate acts [ ] are subject to the heightened pleading requirements of Rule 9(b)."

*In re NE 40 Partners,* 440 B.R. at 128 (citations omitted).

As stated previously, in order to prevail under § 727(a)(4)(A), CadleRock must prove that the Debtor made a statement under oath which was false; that the Debtor knew the statement was false and made the statement with fraudulent intent; and finally, that the statement was

---

[14]*Id.* at 127. (footnote omitted).

[15]*Id.* at 127, n. 3.

11

material to the Debtor's bankruptcy case. In addition, CadleRock's Amended Complaint must meet the higher standard required by Rule 9(b). In examining CadleRock's § 727 objections, "[t]he Court's consideration at this stage is limited to the four corners of the complaint, namely the documents attached to the complaint as exhibits or incorporated by reference, matters subject to judicial notice, and documents on which plaintiff relied in bringing suit." *Henderson,* 423 B.R. at 614 (citation omitted).

Looking to CadleRock's Amended Complaint, CadleRock alleges that the Debtor made a false oath. However, CadleRock does not specify instances of any false statements allegedly made by the Debtor. Instead, CadleRock refers to the 2006 Financial Affidavit in which the Debtor listed various assets that were related to/involved in her divorce proceeding.[16] CadleRock then makes the claim that the Debtor should be denied a discharge under § 727(a)(4)(A) for failing to list as assets in her 2011 bankruptcy schedules the assets which appeared approximately five years earlier on her 2006 Financial Affidavit. However, CadleRock does not allege that the Debtor still had any of these assets when she filed her bankruptcy petition, and therefore, had an obligation to list them on her *Schedules* and/or *Statement of Financial Affairs.* CadleRock's conclusory statements do not meet the heightened pleading standards required by the Fifth Circuit under Rule 9(b) when alleging fraud: CadleRock does not "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams,* 112 F. 3d at 177.

In comparison, in *Hill v. Yoon (In re Yoon),* 2011 WL 1258179 (Bankr. S.D. Tex. April 1,

---

[16]As noted previously, while the original Complaint contained all six pages of Exhibit E, only the first page is attached to the Amended Complaint. The Amended Complaint, which does not adopt or incorporate by reference any of the allegations in the original Complaint, supersedes the original Complaint. *Boelens v. Redman Homes, Inc.*, 759 F. 2d 504, 508 (5th Cir. 1985). However, the Court considered the full text of Exhibit E for the purposes of this opinion.

12

2011), the court had before it a motion to dismiss a § 727(a)(4)(A) complaint. In *Yoon*, the court found that the complaint met the heightened pleading requirements of Rule 9(b). The court found that "[t]he Plaintiffs allege specific instances of false statements allegedly made by Yoon, where the statements were made, and why the statements were fraudulent." *Yoon,* 2011 WL at *3. Unlike *Yoon*, in the case at bar, CadleRock does not allege specific instances of false statements allegedly made by the Debtor, when and where any such statements were made, or how the statements were false.

Even if the Amended Complaint met the standards set by the Fifth Circuit under Rule 9(b), CadleRock's Amended Complaint does not meet the plausibility standard required under *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal,* 129 S.Ct. at 1949 (citations omitted). There is not enough factual content pled in the Amended Complaint that would allow the court to draw the reasonable inference that the Debtor has made a false oath or account in her bankruptcy schedules. Simply alleging that the Debtor failed to list assets that the Debtor may have had five years prior to filing bankruptcy are facts that are "merely consistent with" a false oath or account. Under *Iqbal* and *Twombly*, these allegations fall short of the plausibility requirement of CadleRock being entitled to relief under § 727(a)(4)(A). Consequently, the Court finds that CadleRock's claim for denial of discharge under § 727(a)(4)(A) should be dismissed.

13

### C. § 727(a)(5)

Section 727(a)(5) provides in pertinent part:

### § 727. Discharge

(a) The court shall grant the debtor a discharge, unless–

. . . .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5).

Under § 727(a)(5), if a debtor fails to satisfactorily explain the loss of assets, the debtor's discharge may be denied. "The objecting party has the burden of proving the objection initially, but once the objecting party has produced evidence establishing a basis for the objection, the burden shifts to the debtor to explain the loss satisfactorily. Vague and indefinite explanations uncorroborated by documentation are unsatisfactory." *Mullen v. Jones (In re Jones),* 445 B.R. 677, 730 (Bankr. N.D. Tex. 2011) (citations omitted). In addition, "[t]he plaintiff must make a prima facie showing that the defendant has had a sudden and drastic loss of assets *just prior to filing* bankruptcy, and upon that showing, the defendant bears the burden to explain satisfactorily any loss of assets." *Neary v. Hughes (In re Hughes),* 353 B.R. 486, 506 (Bankr. N.D. Tex. 2006), *aff'd,* 386 B.R. 624 (N.D. Tex. 2008), *judgment aff'd,* 309 Fed. Appx. 841 (5th Cir. 2009) (citations omitted) (emphasis added); *see Harelip v. Porridge (In re Porridge),* 127 B.R. 798 (S.D. Tex. 1991)(Debtors failed to explain drop of $3.5 million in assets in the seventeen months prior to filing petition.); *First Texas Savings Assoc., Inc. v. Reed (In re Reed),* 700 F. 2d 986 (5th Cir. 1983)(Failure to explain loss of $19,586 in cash during the year preceding filing of petition.); *Pyramid Technology Corp. v. Cook*

14

*(In re Cook),* 146 B.R. 934 (Bankr. E.D. Pa. 1992)(Failure to explain loss of $676,600 in cash in a period of less than two years before filing of petition.).

In its Amended Complaint, CadleRock simply states that "[a]fter a reasonable opportunity for investigation or discovery, Plaintiff expects that the evidence will show that Defendant has failed to explain satisfactorily . . . a loss of assets or deficiency of assets to meet the debtor's liabilities. . . ."[17] The Court finds that this claim for relief does not meet the plausibility standard required under *Iqbal*. As noted above, "[a] claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[18] Other than the statement above and a five-year-old document from the Debtor's divorce which lists assets, CadleRock does not plead sufficient factual content to allow the Court to draw the reasonable inference that the Debtor "has had a sudden and drastic loss of assets *just prior to filing* bankruptcy." *In re Hughes,* 353 B.R. at 506 (emphasis added). The Court finds that the claim for relief under § 727(a)(5) is "implausible on its face [because] 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Iqbal,* 129 S.Ct. at 1949.

### III.

In its brief, CadleRock states that the phrase "after a reasonable opportunity for investigation or discovery" was "approved for use" by the Supreme Court in *Rotella v. Wood,* 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000). However, CadleRock's reliance on *Rotella* is misplaced. The *Rotella* case involved an action commenced under the Racketeer Influenced and Corrupt

---

[17] *Amended Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* (Dkt. #4), p. 6, June 22, 2011.

[18] *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F. 3d 787, 796 (5th Cir. 2011)(quoting *Iqbal,* 129 S.Ct. at 1949)(footnotes omitted).

15

Organizations Act (RICO). The issue before the Supreme Court was whether the RICO action was timely filed. The Supreme Court declined to adopt the *injury and pattern* discovery rule as requested by Rotella; therefore, the Supreme Court held that the RICO action was untimely. Rotella argued that the Supreme Court should adopt the *injury and pattern* discovery rule; otherwise, a RICO plaintiff could be barred from suit because of Rule 9(b)'s requirement for pleading fraud with particularity. The Supreme Court acknowledged that with a RICO claim, there were relaxed particularity standards under Rule 9(b) because, given the nature of a RICO claim, the plaintiff in a RICO action may have been *denied* access to discovery. However, the action before this Court does not involve a RICO cause of action, and CadleRock has not been denied access to any discovery. Nor has CadleRock cited any case wherein a court has found that the requirements of Rule 9(b) are relaxed when the claim is one under § 727 of the Bankruptcy Code. Consequently, the Court finds that *Rotella* does not apply to CadleRock's § 727 claim, and therefore, Rule 9(b)'s heightened pleading standard applies.

In addition, CadleRock's reliance on the language from Federal Rule of Bankruptcy Procedure 9011(b)(3) (Rule 9011) is misplaced. The language, "after a reasonable opportunity for further investigation or discovery," in Rule 9011(b)(3) applies to a party certifying to the court that the allegations and other factual contentions in the pleading "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bank. P. 9011(b)(3). One of the purposes of Rule 9011 is to stop the filing of frivolous pleadings. If the court finds that a party has filed a frivolous pleading, it may sanction the movant. The "after a reasonable opportunity for further investigation or discovery" language is intended to insulate the movant from sanctions under Rule 9011(c). CadleRock does not cite any cases wherein the "reasonable opportunity for further investigation or

discovery" language in a complaint has protected a complaint from either a Rule 12(b)(6) or Rule 9(b) motion.

## IV.

The Court notes that CadleRock has been actively involved in this case since the early stages of the bankruptcy. Therefore, CadleRock has had ample opportunity to conduct discovery in order to investigate whether the Debtor failed to disclose assets.

The Debtor filed her petition on January 3, 2011. On February 9, 2011, the § 341 Meeting of Creditors (341 Meeting) was held. The *Proceeding Memo and Minutes of the Chapter 7 § 341 Meeting*, which was filed by the Chapter 7 Trustee, Derek A. Henderson, on February 9, 2011, indicates that the attorney for CadleRock attended the 341 Meeting.

The Trustee continued the 341 Meeting to March 9, 2011. On February 10, 2011, an agreed order was entered extending the deadlines for filing § 523 and § 727 complaints until sixty (60) days after the conclusion of the 341 Meeting. The 341 Meeting was concluded on March 9, 2011.

On May 9, 2011, CadleRock filed a motion requesting an extension of the deadlines for filing an objection to discharge or dischargeability. The Debtor objected to the extension of time asserting that since attending the 341 Meeting, CadleRock had "sat on its rights and not done anything."[19] At the hearing on the motion and objection, the Court granted CadleRock an extension of time until June 21, 2011.

It was not until May 27, 2011, that CadleRock filed several motions for Rule 2004 examinations. The motions for 2004 examination were noticed for hearing. Prior to the hearing, CadleRock announced that it would withdraw the motions. CadleRock then filed its Complaint on

---

[19]*Objection to Motion to Extend Time to File Objection to Debtor's Discharge or Dischargeability of Debt* (Dkt. #43), p. 2, June 1, 2011.

17

June 21, 2011.

At a minimum, CadleRock had from the first 341 Meeting in February of 2011 to conduct discovery in order to determine if the Debtor had a duty to disclose assets listed in her 2006 financial statement. However, CadleRock failed to do so.

## CONCLUSION

The Court acknowledges that motions to dismiss under Rule 12(b)(6) and Rule 9(b) are disfavored and rarely granted. *Sosa v. Coleman,* 646 F. 2d 991, 993 (5th Cir. 1981). "Despite the natural hesitancy that courts have in granting such motions, plaintiffs cannot simply file anything and call it a complaint. A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Petersen Industries, Inc. v. Hol-Mac Corp.,* 2011 WL 577377, *1 (S.D. Miss. Feb. 9, 2011)(quoting *Twombly,* 550 U.S. at 555.) (citation omitted).

Since the Supreme Court's rulings in *Iqbal* and *Twombly,* the pleading standard has shifted from notice pleading to a more heightened pleading standard. In order to survive a motion to dismiss, CadleRock was required to plead more than the mere possibility of relief. However, it failed to do so.

In addition, when fraud is alleged, the Fifth Circuit requires under Rule 9(b) that a party recite "who, what, when, where, and how."[20] CadleRock failed to meet this burden.

Consequently, the Court finds that CadleRock has failed to plead sufficient facts to meet the heightened pleading standard required under *Twombly, Iqbal* and Rule 9(b). Therefore, the Motion is well taken and the Amended Complaint should be dismissed with prejudice.

---

[20]*Benchmark,* 343 F. 3d at 724.

A separate judgment consistent with this opinion will be entered in accordance with Rules 9014 and 9021 of the Federal Rules of Bankruptcy Procedure.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: February 3, 2012